IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ORBYTEL PRINT AND PACKAGING, INC.,** | ) ) ) | **CASE NO. 1:20 CV 2444** |
| **Plaintiff,** | ) ) | |
| v. | ) ) | **JUDGE DONALD C. NUGENT** |
| **SBL, LLC; GLOBAL CANNABINOIDS, INC.; and GLOBAL SANITIZER TECHNOLOGIES, LLC,** | ) ) ) ) | |
| **Defendants.** | ) ) | **MEMORANDUM OPINION AND ORDER** |

This matter is before the Court on the Motion for Summary Judgment filed by Plaintiff, Orbytel Print and Packaging, Inc. (Docket #24.)

Orbytel is a printing company, specializing in on-demand, custom labels, cartons and other packaging materials. In this breach of contract/unjust enrichment action, Orbytel seeks payment from Defendants for products it alleges were ordered and accepted by Defendants but for which payment was never made.

On October 25, 2021, Orbytel filed its Motion for Summary Judgment. (Docket #24.) Defendants filed their Opposition Brief on December 6, 2021 (Docket #27) and Orbytel filed a Reply Brief on December 20, 2021. (Docket #29.)

## Standard of Review

Summary judgment is appropriate when the court is satisfied "that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The burden of showing the absence of any such "genuine dispute" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine [dispute] of material fact.

*Celotex v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a dispute is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual [disputes] that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be resolved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995). FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate. *Id.*

## Conclusion

Construing the evidence in the light most favorable to Defendants, genuine issues of material fact preclude summary judgment in favor of Orbytel. The evidence in this case – including purchase orders, invoices, and documents purporting to evidence shipping charges – as it was presented to the Court for purposes of Orbytel's summary judgment, is inconsistent and confusing, making it impossible for the Court to determine what products were received and accepted by Defendants but not paid for; to determine what the Parties' agreement or past practice was with regard to shipping charges; to calculate with certainty any amounts due; or, to determine which Defendant should be held responsible for which charges. The Parties have submitted conflicting Affidavits and neither has submitted any deposition testimony.

For the foregoing reasons, the Motion for Summary Judgment filed by Orbytel (Docket #24) is DENIED.

A status conference remains set for February 7, 2022, at 10:00 a.m. to be held telephonically. Counsel shall initiate a conference call with all parties connected and then contact the court. A trial date will be set at that time.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
Senior United States District Judge

DATED: January 20, 2022